UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY LEWIS,

        Petitioner,

v.                                    Case No. 3:08-cv-719-J-12JRK

WARDEN SAPP,
et al.,

        Respondents.
_____

**ORDER**

    Petitioner Larry Lewis, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on July 14, 2008, pursuant to the mailbox rule. Petitioner seeks the reimbursement of funds withdrawn from his trust account to satisfy liens which were placed on his account by the state courts to recover filing fees associated with filing a mandamus action in the state circuit court (charged $97.50) and being charged $145.50 when he filed a motion for refund of the filing fee.  The fees were charged by the Second Judicial Circuit, Leon County, Florida.

    Petitioner states that he filed a writ of mandamus attacking the forfeiture of his gain time during a disciplinary proceeding. He was charged a filing fee, for what he contends was a state collateral criminal proceeding.  When he attempted to seek a refund

of the fee, he was again charged with a filing fee by the state circuit court.

Petitioner has provided documentation showing that he has raised claims that the state courts mistakenly applied state statutes to collect fees from his inmate account. He states that these liens for filing fees violated the Florida Constitution and the United States Constitution. However, he cites Florida case law concerning collateral criminal proceedings in support of his allegations. He specifically claims that the circuit court lacked state statutory authority to place the liens.

Petitioner's challenge to the lien on his inmate account was based on state law. Although Petitioner mentioned the United States Constitution in passing in one of his motions filed in the state circuit court, Petition at 15, Petitioner never presented a claim in the federal constitutional sense. This vague and conclusory reference to the United States Constitution does not support a claim of a breach of a federal constitutional mandate. In sum, federal habeas corpus relief does not lie for errors of state law.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of

the United States.[1]  See Coleman v. Thompson, 501 U.S. 722 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal

---

[1] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

3

constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992). See Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir.) (affirming that a claim is not cognizable on federal habeas review when the claim goes to issues unrelated to the cause of petitioner's detention), cert. denied, 543 U.S. 960 (2004). If there was error, it was an error of state law, not a constitutional violation. Here, there has been no breach of a federal constitutional mandate, and Petitioner is not entitled to habeas corpus relief.

The claim of seeking reimbursement of state court filing fees is not a proper ground for federal habeas corpus relief. Rather, this ground pertains to the processing of Petitioner's cases in the state system. There is no constitutional right to a favorable result in state court proceedings. This Court will not act as a super appellate court reviewing state court proceedings. Estelle v. McGuire, 502 U.S. at 67. The Florida courts entertained Petitioner's cases seeking the reimbursement of his filing fees. Although relief was denied, Petitioner received all of the process to which he was entitled. Petitioner has not satisfactorily alleged a claim that "he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). No constitutional deficiency has been presented and the Petition will be denied.

constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992). See Quince v. Crosby, 360 F.3d 1259, 1261 (11th Cir.) (affirming that a claim is not cognizable on federal habeas review when the claim goes to issues unrelated to the cause of petitioner's detention), cert. denied, 543 U.S. 960 (2004). If there was error, it was an error of state law, not a constitutional violation. Here, there has been no breach of a federal constitutional mandate, and Petitioner is not entitled to habeas corpus relief.

The claim of seeking reimbursement of state court filing fees is not a proper ground for federal habeas corpus relief. Rather, this ground pertains to the processing of Petitioner's cases in the state system. There is no constitutional right to a favorable result in state court proceedings. This Court will not act as a super appellate court reviewing state court proceedings. Estelle v. McGuire, 502 U.S. at 67. The Florida courts entertained Petitioner's cases seeking the reimbursement of his filing fees. Although relief was denied, Petitioner received all of the process to which he was entitled. Petitioner has not satisfactorily alleged a claim that "he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). No constitutional deficiency has been presented and the Petition will be denied.

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29TH day of July, 2008.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 7/28
c:
Larry Lewis
Warden Sapp, NRCI
Attorney General's Office (Florida)

5